**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| MICHAEL-DAVID FLEMING, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. 8:24-cv-01823-PX |
| BANK OF ENGLAND, *et al.*, | * | |
| Defendants. | * | |
|  | *** | |

**MEMORANDUM OPINION**

Pending in this case are motions to dismiss filed by Defendants Richard A. Lash ("Lash") (ECF No. 9); Freedom Mortgage Corporation ("Freedom") and Mortgage Electronic Registration Systems ("MERS") (ECF No. 17); and Bank of England (ECF No. 26). Lash, Freedom, and MERS also move to strike certain filings submitted by Plaintiff Michael David Fleming ("Fleming"). ECF Nos. 39 & 42. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motions to dismiss are granted and the motions to strike are denied as moot.

**I.   Background**

This suit is Fleming's third concerning the same 2015 purchase of a residence at 301 Portal Avenue, in Temple Hills, Maryland ("the Property").[1] ECF No. 1-3 ¶¶ 2–3; ECF No. 27-1. On August 12, 2015, Fleming executed a Deed of Trust in the amount of $206,196.00, securing the loan with the Property. ECF No. 27-1. The Deed of Trust was recorded and later assigned to

---

[1] The Court "may properly take judicial notice of matters of public record . . . [and] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004). Fleming does not challenge the authenticity of the public records involving his real property or the judicial records from his prior cases. Thus, the Court takes judicial notice of the same.

Freedom in October 2016.  ECF No. 27-2.  Fleming subsequently defaulted on the loan, prompting foreclosure proceedings on December 12, 2016, in Prince George's County Circuit Court.  *See Buonassissi v. Fleming*, No. CAEF16-44290 (Cir. Ct. Prince George's Cnty. Dec. 16, 2016). While those proceedings were pending, Freedom filed an action to quiet title.  *See Freedom Mortgage Corp. v. Fleming*, No. CAE18-43991 (Cir. Ct. Prince George's Cnty. Nov. 28, 2018). Fleming next sent a "Notice to Settle Account" and a $1,000 money order.  When this offer did not settle the mortgage dispute, Fleming filed suit in this Court on March 8, 2021, alleging against Freedom and its Chief Financial Officer for breach of contract and an array of criminal violations including robbery, theft, conspiracy, and involuntary servitude.  *Fleming-Scott v. Freedom Mortg. Corp.*, No. 8:21-cv-00586-DLB, ECF No. 1 (D. Md. Mar. 8, 2021) ("*Fleming I*").  The Court dismissed *Fleming I* with prejudice, concluding that no facts made plausible the formation of any contract because Freedom had not accepted his offer of settlement.  *Fleming I*, ECF No. 28, *reconsideration denied*, ECF No. 30.  The remaining criminal allegations were dismissed because none provide a private right of action.  *Id.*

Undeterred, Fleming tried his hand with a second lawsuit.  On February 16, 2024, Fleming asserted near identical claims concerning the Property and Freedom's purported refusal to settle his debt.  *See Fleming v. Freedom Mortg. Corp.*, No. 8:24-cv-00463-LKG, ECF No. 1 (D. Md. Feb. 16, 2024) ("*Fleming II*").  The Court dismissed all claims in *Fleming II* as barred by the doctrines of *res judicata* and collateral estoppel.  *Fleming v. Freedom Mortg. Corp.*, No. 24-CV-00463-LKG, 2025 WL 460751, at *6 (D. Md. Feb. 11, 2025), *reconsideration denied*, No. 24-CV-00463-LKG, 2025 WL 948018 (D. Md. Mar. 28, 2025) (emphasis omitted).

While *Fleming II* was pending, Fleming filed this suit.  Although this action involves the same mortgage transaction as the prior suits, Fleming now alleges a "complex scheme" in which

2

the original mortgage holder, Bank of England, induced Fleming "into believing that ownership of real property required securing a loan," which "tricked" him into signing a promissory note prior to Bank of England's transfer of the mortgage to Freedom.  ECF No. 1-1.  The Complaint also accuses substitute trustee, Lash, of breaching fiduciary duties by wrongfully transferring and attempting to sell trust assets.  ECF No. 1-3 ¶ 3.  From this, the Complaint baldly alleges nineteen causes of action (numbered Counts 4–22), asserting a variety of frauds, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (as to Lash only); as well as common law claims of "undue influence" duress, breach of fiduciary duty, wrongful conversion of trust assets, unjust enrichment, and negligent misrepresentation, and intentional infliction of emotional distress.  Last, despite being expressly warned before that violations of criminal law are not actionable, the Complaint alleges violations of federal criminal fraud, conspiracy and RICO (Counts 19–22).  *See* 18 U.S.C. §§ 241, 1349, and 1962.

Freedom, Lash, and MERS now move to dismiss the action against them as barred by the doctrines of claim splitting or res judicata.  ECF No.17.  Bank of England separately moves to dismiss for failure to state a claim.  ECF No. 26.  The Court considers each motion separately.

## II.   Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted).  When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff."  *Ibarra v. United States*, 120 F.3d 472, 474

(4th Cir. 1997). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

Documents attached to the complaint as well as those integral to the causes of action may be considered so long as their authenticity is not disputed. *See Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see also CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation and emphasis omitted).

### III.    Analysis

#### A.    Freedom, Lash & MERS' Motion

Freedom, Lash, and MERS principally contend that the claims must be dismissed either as violating the rule against claim splitting or as barred by res judicata. ECF Nos. 9 & 17.[2] Because the claim-splitting doctrine and res judicata are grounded in the same principles, *see Sensormatic*

---

[2] Although the res judicata is an affirmative defense not always capable of resolution at the motion to dismiss stage, *see* Fed. R. Civ. P. 8(c)(1); *see also Georgia Pac. Consumer Prod., LP v. Von Drehle Corp.*, 710 F.3d 527, 533 (4th Cir. 2013), if the complaint facts and incorporated documents leave no doubt that the doctrine applies, the Court may dismiss the claims as barred. *See Covert v. LVNV Funding, LLC*, No. CIV.A. DKC 13-0698, 2013 WL 6490318, at *4 (D. Md. Dec. 9, 2013), *aff'd on other grounds*, 779 F.3d 242 (4th Cir. 2015). In this regard, the Court may take judicial notice "facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Such documents may be considered without converting the motion to one for summary judgment. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011).

*Sec. Corp. v. Sensormatic Elecs. Corp.*, 452 F. Supp. 2d 621, 626 n. 2 (D. Md. 2006), *aff'd*, 273 F. App'x 256 (4th Cir. 2008), the Court analyzes them together.

A plaintiff cannot litigate his case piecemeal.  "[A]ll claims arising out of a single wrong [must] be presented in one action.'" *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 635 (4th Cir. 2015) (quoting *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x. 256, 265 (4th Cir. 2008)).  When one suit is pending in federal court, a plaintiff has no right to assert another action "on the same subject in the same court, against the same defendant at the same time." *Id.* (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir.2000)).  If the plaintiff wrongly splits claims arising from the same nucleus of facts between the same parties in two pending actions, "the second suit will be barred if the claim involves the same parties or their privies and 'arises out of the same transaction or series of transactions' as the first claim." *Sensormatic*, 452 F. Supp. 2d at 621 (citing *Trustmark Insur. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002)).  However, the claim-splitting doctrine applies only when "two suits are pending at the same time." *Id.* at 626 n.2.  If the prior suit has been adjudicated to final judgment, then principles of res judicata apply.

Although Fleming filed this suit while *Fleming II* was pending, *Fleming II* is now concluded with a final judgment. *Fleming II,* ECF No. 30.  Thus, the Court must analyze the motion as relying on res judicata.

Res judicata precludes the parties or their privies from relitigating issues that were or could have been raised in a previously concluded suit. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *see also Brown v. Felsen*, 442 U.S. 127, 131 (1979); *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004).  The doctrine bars relitigating a claim where (1) the parties or their privies in both suits are identical; (2) the claim in the new suit was or could have been

brought in the original suit; and (3) the claim in the original suit reached a final judgment on the merits. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008); *see also Nash Cty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981). When comparing this suit to *Fleming I* and *II,* each res judicata element is satisfied.

As to identity of parties, Freedom was sued in both *Fleming I* and *Fleming II*. Although neither MERS nor Lash have been previously sued, they each sit in privity with Freedom. ECF Nos. 9 & 17. "[P]rivity requires an alignment of interests and not an exact identity of parties." *Weinberger v. Tucker*, 510 F.3d 486, 492 (4th Cir. 2007) (quoting *Bruszewski v. United States*, 181 F.2d 419, 423 (3d Cir.1950)). During the mortgage transfer to Freedom, MERS acted as no more than a nominee for Freedom and thus "share an interest in affirming the validity and enforceability of the challenged assignment." *Quattlebaum v. Bank of Am.*, N.A., No. PWG-18-1978, 2019 WL 2076734, at *4 (D. Md. May 10, 2019). Likewise, Lash acted as trustee for Freedom in asserting its rights under the mortgage loan. Thus, for purposes of res judicata, the parties are identical.

Second, as to identity of claims the three lawsuits involved the same dispute regarding Fleming's failure to satisfy his mortgage obligation to Freedom for the Property. *See Fleming I*, ECF No. 30; *see also Fleming II*, ECF No. 30. To be sure, the claims across suits are not identical. Nonetheless, where the latest filed suit "'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect." *Ohio Valley Envt'l. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir.2009) (citation omitted). More to the point, res judicata bars a "newly articulated claim[ ]" if it is based on the same underlying transaction and could have been brought in the earlier action. *Laurel Sand & Gravel, Inc. v.*

6

*Wilson*, 519 F.3d 156, 162 (4th Cir.2008).  So long as the later filed claim *could have* been brought, then res judicata applies.  *See Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013).

The second res judicata prong is easily met here.  All three suits involving the same mortgage as to the Property and turn on the same basic contention that Fleming does not owe the debt to Freedom as mortgagor.  Although Fleming argues the later filed claims arise from "newly discovered fraud" that had been unearthed through a non-specific "independent audit," he gives no detail supporting the contention.  ECF No. 35.  Nor does Fleming explain why the "audit" could not have been performed earlier.  *Cf. Fleming II,* ECF No. 26 at 2 (generalized arguments that an audit had "identified multiple instances of fraud on the part of all parties associated with the alleged mortgage transaction."); *see also id.*, ECF No. 32.  Thus, Fleming has failed to demonstrate that the new claims could not have been discovered and pursued in the prior litigation.

As to the third prong, *Fleming I* and *II* were both litigated to final judgment.  Each time the Court dismissed the suit entirely.  *Fleming I* was dismissed with prejudice on the merits, and *Fleming II* was dismissed on estoppel and res judicata grounds.  Accordingly, all three res judicata requirements are met.  The Complaint against Freedom, MERS and Lash is dismissed.

## B.  Bank of England

Bank of England separately argues that the claims against it are barred by limitations.  ECF No. 27-1.  The Court agrees.  Beginning with the Maryland common law claims (Counts 4–7, 10–14, and 16–17), the applicable limitations period is three years from the date the cause of action accrues.  *See* Md. Code Ann, Cts. & Jud. Proc. § 5–101; *see also Branch v. Bank of Am., N.A.*, No. PWG-11-3712, 2013 WL 6815903, at *2 (D. Md. Dec. 19, 2013) (applying § 5-101 to common law fraud claims).  An action accrues "on the date when the plaintiff knew or, with due diligence, reasonably should have known of the wrong."  *Supik v. Bodie, Nagle, Dolina, Smith & Hobbs,*

7

*P.A.*, 152 Md. App. 698, 712–13 (2003); *see also Moreland v. Aetna U.S. Healthcare, Inc.*, 152 Md. App. 288, 293–295 (2003).

Fleming seems to suggest that the claims did not begin accruing until he "discovered" the fraud during a 2024 independent audit. ECF No. 35 at 1. In Maryland, fraudulent concealment of the underlying facts supporting a cause of action may toll limitations. *See Hahn v. Claybrook*, 130 Md. 179, 183 (1917). Where the adverse party, by fraud, hides the facts supporting a claim, the claim only begins to accrue once the party discovers the fraud, or by the exercise of ordinary diligence, could have discovered it. *See* Md. Code Ann, Cts. & Jud. Proc. § 5–203. To obtain the benefit of tolling, the proponent must show that "(1) the plaintiff has been kept in ignorance of the cause of action by the adverse party, and (2) the plaintiff has exercised usual or ordinary diligence for the discovery and protection of his or her rights." *Id.*; *see also Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.*, 731 F. Supp. 2d 443, 449 (D. Md. 2010). At the pleading stage, the Complaint must include "specific allegations of how the fraud kept the plaintiff in ignorance of a cause of action, how the fraud was discovered, and why there was a delay in discovering the fraud, despite the plaintiff's diligence." *Green v. Pro Football, Inc.,* 31 F. Supp. 3d 714, 723 (D. Md. 2014) (quoting *Dual Inc. v. Lockheed Martin Corp.*, 857 A.2d 1095, 1105–06 (Md. 2004)).

When viewing the Complaint facts most favorably to Fleming, nothing makes plausible that any such "fraud" kept Fleming in the dark about the Bank of England's purported wrongdoing. The Complaint merely avers that Bank of England "deceived the Plaintiff into believing that ownership of real property required securing a loan," and Freedom next purchased the loan "operating under the false pretense" of collecting a legitimate loan." ECF No. 1-3 at 3. The

purported fraud is too vague and nonspecific as to support that any underlying action against Bank of England had been concealed as a result.[3]

Nor does Fleming's reliance on the 2024 "independent audit" change the outcome. Fleming offers no detail as to the substance of said audit. Nor does he explain at all why the audit had not been conducted sooner given his prior litigation in this matter. *See Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 99 (2000). Because no facts support that any fraud perpetrated by Bank of England (or by anyone else) tolled limitations, the identified claims must be dismissed as time-barred.

Likewise, the TILA and RESPA claims (Counts 8 and 9) are time-barred. TILA claims must be brought within one year of the violation, and RESPA claims within three years. *See* 15 U.S.C. § 1640(e); 12 U.S.C. § 2614. The mortgage in question issued in 2015, and the latest that Bank of England transferred the loan to Freedom was in 2016. After that, Bank of England had no further involvement with the mortgage. This case was filed almost nine years later, well beyond the natural expiration of limitations. Thus, both counts are untimely and must be dismissed.

As to the claims alleging violations of criminal statutes (Counts 20–22)*,* a private party cannot file suit to enforce provisions of criminal law. *See*, *e.g.*, *Hill v. Colvin*, No. 1:14CV354, 2016 WL 727177, at *8 (M.D.N.C. Feb. 23, 2016) (collecting cases); *Robertson v. Foster*, No. ELH-16-3610, 2017 WL 1104664, at *6 (D. Md. Mar. 23, 2017) ("It is well established that there is no private right of action to pursue claims under federal criminal statutes."). This is so because "a private citizen" such as Fleming "lacks a judicially cognizable interest in the prosecution or

---

[3] For the same reasons, the fraud-based claims, even if timely filed, must be dismissed as failing the particularity requirement of Federal Rule of Civil Procedure 9(b). *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir.1999) (fraud claim must refer to the "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.") (quoting 5 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure*: Civil § 1297, at 590 (2d ed.1990)).

9

nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). The claims are dismissed.

In sum, the Complaint in its entirety must be dismissed. This is also Fleming's third deficient federal lawsuit concerning the same mortgage transaction. The Court will therefore dismiss the claims with prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citation omitted); *see also Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985). Fleming has shown that, despite three prior attempts, he is incapable of asserting a legally cognizable claim. Thus, the Court has no faith that a fourth would be anything short of futile. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (finding district court did not abuse discretion in dismissing complaint with prejudice where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"); *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) ("Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation."). Fleming is also forewarned that should he persist in filing future meritless actions pertaining to the same mortgage, the Court may issue a pre-filing injunction to prevent further frivolous or vexatious litigation. *See Mua v. Maryland*, No. CV ELH-16-01435, 2017 WL 633392, at *23 (D. Md. Feb. 15, 2017), *aff'd*, 700 F. App'x 309 (4th Cir. 2017).

## IV.   Conclusion

For the reasons stated above, the motions to dismiss (ECF Nos. 9 & 17) are granted and the motions to strike (ECF Nos. 39 & 42) are denied as moot.

| 6/17/2025 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |

10