**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
|  | * |  |
| MICHAEL-DAVID FLEMING, | * |  |
| Plaintiff, | * |  |
| v. | * | Civ. No. 8:24-cv-01823-PX |
| BANK OF ENGLAND, *et al.*, | * |  |
| Defendants. | * |  |
|  | *** |  |

**MEMORANDUM OPINION**

Pending is Plaintiff Michael-David Fleming ("Fleming")'s Motion to Vacate Judgment (ECF No. 52), Motion to Alter Judgment (ECF No. 65), and Motion for Leave to File a Post-Judgment Amended Complaint (ECF No. 64). Also pending is a Motion for Preliminary Injunction and Motions to Strike filed by Defendants Freedom Mortgage Corporation, Richard A. Lash, and Mortgage Electronic Registration System ("Freedom Defendants"). ECF Nos. 57, 58 & 70. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, Fleming's motions are denied, the motion for preliminary injunction is granted in part, and the motions to strike are denied as moot.

## I.     Background

The Court has previously discussed the relevant factual background for this matter in its prior decision at ECF No. 49 and incorporates that summary here. In brief, the case concerns the real property at 301 Portal Avenue in Temple Hills, Maryland that Fleming purchased in 2015 with a secured mortgage loan held by Freedom Mortgage ("Freedom"). ECF No. 1-3 ¶¶ 2–3; ECF

1

No. 27-1.[1]  Thereafter, Fleming defaulted on the mortgage, prompting foreclosure proceedings to commence on December 12, 2016, in Prince George's County Circuit Court.  *See Buonassissi v. Fleming*, No. CAEF16-44290 (Cir. Ct. Prince George's Cnty. Dec. 16, 2016).  Fleming unsuccessfully attempted to settle the foreclosure matter with Freedom, thereafter, spawning years of subsequent litigation.

On March 8, 2021, Fleming filed his first federal suit against the Freedom Defendants, advancing an array of largely frivolous claims concerning his purported attempt to settle the foreclosure matter.  *Fleming-Scott v. Freedom Mortg. Corp.*, Civ. No. 21-00586-DLB, ECF No. 1 (D. Md. Mar. 8, 2021) ("*Fleming I*").  The Court dismissed *Fleming I* with prejudice, concluding that no facts made plausible the formation of any settlement agreement because Freedom had not accepted Fleming's offer.  *Fleming I* at ECF No. 28, *reconsideration denied*, ECF No. 30.

Undeterred, Fleming filed a second, nearly identical action on February 16, 2024.  *See Fleming v. Freedom Mortg. Corp.*, Civ. No. 8:24-00463-LKG, ECF No. 1 (D. Md. Feb. 16, 2024) ("*Fleming II*").  The Court dismissed *Fleming II* as barred by the doctrines of *res judicata* and collateral estoppel.  *Fleming v. Freedom Mortg. Corp.*, No. 24-CV-00463-LKG, 2025 WL 460751, at *6 (D. Md. Feb. 11, 2025), *reconsideration denied*, No. 24-CV-00463-LKG, 2025 WL 948018 (D. Md. Mar. 28, 2025).

Next, while *Fleming II* was pending, Fleming filed this case, his third identical action.  This Court likewise dismissed the claims as barred by *res judicata* and relevant statues of limitations.  ECF No. 49 at 7–9.  Fleming now asks the Court to reconsider its decision pursuant to Federal

---

[1] The Court "may properly take judicial notice of matters of public record . . . [and] consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."  *Philips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004).  Fleming does not challenge the authenticity of the public records involving his real property or the judicial records from his prior cases.  Thus, the Court takes judicial notice of the same.

Rules of Civil Procedure 59(e) and 60(b)(2), (b)(3), and (b)(6).  ECF Nos. 52 & 65.[2]  The Freedom Defendants vigorously oppose reconsideration, highlighting that Fleming advanced the same unsuccessful arguments in *Fleming II* and in this case.  ECF No. 54 at 3.  They separately ask the Court to restrain Fleming's future ability to file motions or any other correspondence absent Court approval.  ECF No. 58.

The Court turns first to Fleming's motions to reconsider.

## II.    Motion to Reconsider

Because Fleming filed his motion well beyond the 28 days required by Federal Rule of Civil Procedure 59(e), the motion must be treated as one filed pursuant to Rule 60(b).  *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).  Rule 60(b) allows a district court to relieve a party "from a final judgment, order, or proceeding" based on a list of enumerated grounds, or for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  To prevail under Rule 60(b), the requesting party first "must make a threshold showing of timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party."  *Bank v. M/V "Mothership", et al.*, 427 F. Supp. 3d 655, 660 (D. Md. 2019) (citing *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)).  "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)."[3]  *M/V*

---

[2] The Court's prior decision also dismissed the claims against Defendant the Bank of England, but Fleming concedes that "dismissal remains final and undisturbed" regarding the Bank of England.  *See* ECF No. 59 at 17.  Accordingly, the Court construes the reconsideration motions as brought solely against the Freedom Defendants.

[3] Rule 60(b) explains that each of the following circumstances may constitute grounds for relief from a final judgment:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

*"Mothership", et al.*, 427 F. Supp. 3d at 660 (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).  Importantly, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982). *See also M/V "Mothership", et al.*, 427 F. Supp. 3d at 660 ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment.") (citation omitted).  "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Williams*, 674 F.2d at 313.  "[D]isposition of a motion under Fed. R. Civ. P. 60(b) is within the sound discretion of the district court." *Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989) (quoting *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973)).

The motions fail first because Fleming cannot make the threshold showing under Rule 60(b).  The motions advance frivolous arguments previously rejected.  *Compare* ECF No. 52 at 5 *with* ECF No. 58-3.  Fleming also fails to demonstrate a lack of prejudice as to the Freedom Defendants.  Defendants have expended significant resources fighting the same or related claims, in seriatim litigation, for ten years.  *See, e.g.*, *Fleming I*, No. 8:21-cv-00586-DLB; *Fleming II*, No. 8:24-cv-00463-LKG; ECF No. 49.  The prejudice to Freedom, were the Court to reopen, is plain. *See Aikens*, 652 F.3d at 501.  Thus, because Fleming fails to satisfy Rule 60(b)'s threshold requirements, the motion is denied on this basis alone.

Alternatively, even if Fleming could somehow make the threshold showing, he fails to demonstrate entitlement under any of his asserted Rule 60(b) grounds.  Fleming ticks off a laundry list of "newly discovered evidence.[4]  But to obtain relief pursuant to Rule 60(b)(2), Fleming must

---

[4] The claimed "evidence," says Fleming is "additional documentation from public and governmental sources" such as "certified copies of the County land record," a 2005 "Ginnie Mae Document Custodian Manual," evidence showing the "Note violated the Uniform Electronic Transaction Act," documentation that Freedom was "never [the]

4

show not only that the evidence is "new," but that despite an exercise of due diligence, he could not have previously discovered this evidence. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (citations omitted). Fleming has not made that basic showing. None of the evidence had been hidden or unobtainable in connection with the prior litigation. This failure of proof alone ends the analysis. *See Boryan*, 884 F.2d at 771 (the movant must show "not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing.") (citation omitted).

Next, as to Fleming's contention that he was denied a fair process because of the Defendants' fraud, misrepresentation or misconduct, warranting relief under Rule 60(b)(3), the Court must focus on whether the judgment was procured by unfair means or if some defect in the integrity of the proceedings existed. *Morgan v. Tincher*, 90 F.4th 172, 177 (4th Cir. 2024) (citing *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 110 (4th Cir. 2014); *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Namely, Fleming must show that (1) he has a meritorious case; (2) he can demonstrate Defendants' misconduct by clear and convincing evidence; and (3) that the misconduct prevented him from fully presenting his case. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). Fleming does not come close to meeting this high bar. Nothing suggests Defendants engaged in misconduct that hindered Fleming's ability to have a fair shake in Court. If anything, Fleming is the one that has abused the process.

Nor does Fleming demonstrate that he is entitled to relief for "any other reason" not otherwise enumerated in Rule 60(b). Fed. R. Civ. P. 60(b)(6). To prevail under Rule 60(b)'s catchall provision, Fleming must show some "extraordinary circumstances" that warrant

---

lawful holders or assignee of the underlying obligation," and an affidavit from Joseph R. Esquivel, Jr. ("Esquivel") opining that Deed of Trust was not validly transferred to Freedom. ECF No. 52 at 4-5.

reopening of the judgment.  *Aikens*, 652 F.3d at 500.  Fleming's mere disagreement with the Court's *three prior dismissals* does not justify extraordinary relief.  *LaTisha P. v. O'Malley*, Civ. No. SAG-21-2644, 2024 WL 5150519, at *3 (D. Md. Dec. 18, 2024) (collecting cases).  Thus, the motion fails.

Accordingly, the Court denies the motions to vacate or alter the judgment.  ECF Nos. 52 & 65.  Nor will the Court entertain Fleming's motion for leave to "amend" the complaint.  ECF No. 64.  *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011) ("[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b).") (citing *Laber v. Harve*y, 438 F.3d 404, 427 (4th Cir.2006) (en banc)).[5]  The motions are denied.

The Court next turns to Defendants' requests for sanctions.

### III.       Freedom Defendants Motion for Sanctions

The Freedom Defendants rightly contend that the time to sanction Fleming has come.  ECF No. 58.  Previously, the Court concluded that because Fleming has failed multiple times to assert legally cognizable claims, any future pursuit of relief "pertaining to the same mortgage," may result in the issuance of a pre-filing injunction "to prevent further frivolous or vexatious litigation." ECF No. 49 at 10 (citing *Mua v. Maryland*, No. CV ELH-16-01435, 2017 WL 633392, at *23 (D. Md. Feb. 15, 2017), *aff'd*, 700 F. App'x 309 (4th Cir. 2017)).  Since that decision, Fleming filed no fewer than *three* baseless motions (ECF Nos. 52, 64, & 65) and *three* supplemental "notices." ECF Nos. 67, 72, & 73.  The filings are long, rambling, and meritless, reflecting Fleming's intent to persist in now what has become vexatious and onerous litigation.

---

[5] Defendant's motions to strike certain filings related to Fleming's motions are denied as moot.  ECF Nos. 57 & 70.

The Court maintains inherent authority to control the orderly procession of civil actions. *See Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 955 (4th Cir. 1995). Where a party persists in submitting frivolous filings, he "abuses the process at a level that is utterly inconsistent with the orderly administration of justice." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993). This warrants future restriction on that party's ability to file further motions absent advance Court approval. *See Chien v. Robbins*, Civ. No. 3:21CV501, 2021 WL 5756383, at *3–5 (E.D. Va. Dec. 3, 2021), *aff'd*, No. 22-1004, 2022 WL 1711681 (4th Cir. May 27, 2022). The Court may also impose an array of sanctions to include striking the pleadings, limiting claims or defenses, and even dismissing the complaint. *See In re Howe*, 800 F.2d 1251, 1252 (4th Cir. 1986). *See also Tucker v. Seiber*, 17 F.3d 1434, 1994 WL 66037, at *1 (4th Cir. 1994) ("A federal court has the power to issue prefiling injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty.").

Considering Fleming's persistence in the face of expressed warnings, the Court will enjoin Fleming's ability to file future cases, motions, "notices" or other like submissions related to the subject of *Fleming I*, No. 8:21-cv-00586-DLB, *Fleming II*, No. 8:24-cv-00463-LKG, or this case, without first seeking leave of Court by separate motion in which he must attach the proposed filing for court review. Failure to seek leave of the Court will result in the Court striking any noncompliant filing without further notice. The Court otherwise declines to impose further sanctions at this juncture.

### IV.    Conclusion

For the reasons stated above, Fleming's motions for reconsideration and motion to leave to amend are denied (ECF Nos. 52, 64, & 65), the Freedom Defendants' motions to strike certain filings in connection with Fleming's motions (ECF Nos. 57 & 70) are denied as moot, and the motion for preliminary injunction (ECF No. 58) is granted in part.

8

A separate Order follows.


___6/25/2026_____                        _____/s/_____
Date                                            Paula Xinis
                                                United States District Judge

8